Publish:    ☐ Yes (F. Supp.)    ☐ Yes (Westlaw only)    ☐ No

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Gary L. Schaefer, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No: 16 C 50377 |
| C/O Spates, | ) ) ) | |
| *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

This court has reviewed the magistrate judge's March 19, 2018 report and recommendation [36] for clear error and agrees with its findings and conclusions. The court adopts the R&R in its entirety. Plaintiff's claims are dismissed without prejudice for failure to exhaust administrative remedies. The Clerk of Court is directed to enter final judgment. This case is closed.

## STATEMENT

By order dated March 19, 2018, the magistrate judge recommended that this case be dismissed without prejudice for plaintiff's failure to exhaust available administrative remedies before initiating this federal lawsuit. During the time period allowed for objection, plaintiff submitted two documents to the court that were docketed as "Objection[s]." The first document is a letter to the magistrate judge, stating that plaintiff "would like to object" to the report and recommendation ("R&R") and requesting attorney representation. The second document is nearly identical in substance to the first document but was submitted on a "sworn affidavit" form and includes an exhibit that plaintiff says is a "picture of [his] jaw." Plaintiff did not otherwise object to the R&R within the time period established by Federal Rule of Civil Procedure 72(b)(2) and set by court order.

Though the documents plaintiff filed are styled as objections, they do not identify any objections, much less specific objections, to any part of the magistrate judge's R&R. Generally, if a party fails to object to a magistrate judge's R&R, some standard of review lesser than de novo is not positively required. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). If a party files an objection, those parts of the magistrate judge's R&R that are not objected to are reviewed for clear error. See Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); see also Saucedo v. Ill. Dep't of Corr., 2017 WL 2274934, at *3 (N.D. Ill. May 25, 2017) ("Plaintiff does not specifically object to the magistrate judge's recommendation that his grievance did not address the lack of medical treatment he received in his objections to the magistrate judge's report. . . . Therefore, the court will review the magistrate judge's recommendation using the clearly erroneous standard as to plaintiff's medical claims."). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

| Publish: ☐ Yes (F. Supp.) ☐ Yes (Westlaw only) ☐ No |

In the magistrate judge's R&R, he recounts the events from which this case arose and the Pavey hearing determining whether plaintiff had exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. See Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008). Because plaintiff was aware of the grievance process available to him but did not follow the grievance procedures established by the Winnebago County Sheriff's Office, the magistrate judge found that plaintiff did not exhaust his administrative remedies, and therefore recommends plaintiff's claims be dismissed without prejudice for failure to exhaust.

It appears that plaintiff wants the court to recruit counsel to object to the R&R on his behalf, but plaintiff's requests for counsel fail to show what effort he made to retain counsel on his own. In determining whether to recruit counsel for a pro se litigant, the court must ask (1) whether "the indigent plaintiff made a reasonable attempt to obtain counsel or [has] been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). The first question – whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so – is a threshold question that must be resolved in the plaintiff's favor before the court will consider the plaintiff's ability to litigate the case himself. Id.; see also Russell v. Bukowski, 608 F. App'x 426, 428 (7th Cir. 2015) ("[B]efore a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself."). Plaintiff did not disclose what attempts (if any) he made to retain counsel on his own, and there is no indication that he was precluded from soliciting counsel. The court therefore denies plaintiff's request for attorney representation.

The time for objecting to the magistrate judge's March 19, 2018 R&R has passed, and the court is not inclined to reopen the objection period given that record evidence shows by a preponderance of the evidence that plaintiff did not appeal the issue presented by this lawsuit to Superintendent Redmond, as required to exhaust administrative remedies at the Winnebago County Jail. The assistance of counsel at this stage of the litigation would not change the outcome of this case. Having reviewed the record and the R&R, the court finds no clear error in the magistrate judge's findings and therefore adopts the magistrate judge's March 19, 2018 R&R in its entirety. Plaintiff's claims are dismissed without prejudice for failure to exhaust administrative remedies. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("all dismissals under § 1997e(a) should be without prejudice"). This case is closed. Final judgment will enter.

Because this court does not rule on whether a state court would apply an exhaustion requirement similar to that of 42 U.S.C. § 1997e(a) with respect to plaintiff's claims, the court's ruling does not preclude plaintiff from pursuing any relief that may be available to him in state court. By operation of 42 U.S.C. § 1997e(a), however, plaintiff has no further recourse in federal court at this time. The dismissal therefore constitutes a final appealable order. See Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011) (explaining that order dismissing § 1983 claim for failure to exhaust administrative remedies is appealable where there are no further remedies that plaintiff can pursue); Barnes v. Briley, 420 F.3d 673, 676-77 (7th Cir. 2005) (same).

If plaintiff wants to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. See Fed. R. App. P. 4(a)(1). If plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. See Evans v. Ill. Dep't of Corr., 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, plaintiff could be

| Publish: | ☐ Yes (F. Supp.) | ☐ Yes (Westlaw only) | ☐ No |
|---|---|---|---|

assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. Id. If plaintiff seeks leave to proceed in forma pauperis on appeal, he must file a motion for leave to proceed in forma pauperis in this court stating the issues he intends to present on appeal. See Fed. R. App. P. 24(a)(1).

Date: 4/24/2018

ENTER:

_____

FREDERICK J. KAPALA

District Judge